Zheng "Andy" Liu (SBN 279327)
*Aptum Law LLP*
1875 S Grant Street, Suite 520
San Mateo, CA 94402
Phone.: (650) 475-6289
Fax.: (510) 987-8411
Email: Andy@quan.legal
*Attorneys for Plaintiff*
PowerVision Robot Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| POWERVISION ROBOT CORPORATION, a Delaware Corporation<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY; DONALD NEUFELD, Associate Director for Service Center Operations, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, Nebraska Service Center; KENNETH T. (KEN) CUCCINELLI, Acting Director, U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services; CHAD WOLF, U.S. Acting Secretary of Homeland Security; CHRISTOPHER A. WRAY, Director of the Federal Bureau of Investigation; WILLIAM BARR, Attorney General of the United States<br><br>Defendants. | Federal Court Case No: 3:20-cv-398<br><br>USCIS Case No.: LIN1890348291<br><br>COMPLAINT FOR UNREASONABLE DELAY UNDER THE ADMINISTRATIVE PROCEDURE ACT AND PETITION FOR INJUNCTIVE AND MANDAMUS RELIEF |

## INTRODUCTION

1. This case arose out of various federal agencies' unreasonable, unexplained delay in adjudicating plaintiff's petition for immigration benefit on behalf of its essential employee.

2. Almost two years ago, on or about April 4, 2018, Plaintiff PowerVision Robot Corporation ("PowerVision or "Plaintiff") petitioned the United States Citizenship and Immigration Services ("USCIS") for permission to permanently hire a business executive (Mr. Hui "Henry" Han) to direct its business operations in the United States and aboard.

3. A skilled lawyer and a successful businessman, Mr. Han has been working as top executives of PowerVision and its parent company almost since their inceptions and thus is second to none in directing PowerVision's business operations.

4. Mr. Han's superior qualifications notwithstanding, PowerVision could employ Mr. Han only temporarily due to harsh constraints on temporary work permits. For example, Mr. Han's current work visa allows him to work for PowerVision for no more than 2 years and the USCIS could refuse to renew or cancel Mr. Han's visa at any time. Renewing Mr. Han's temporary work permit every other year has taken a financial toll on PowerVision.

5. These visa constraints put PowerVision at significant disadvantages: most businesses are thrown in chaos following an involuntary loss of a top executive. To mitigate these risks, PowerVision sought to hire Mr. Han permanently as allowed under the existing immigration laws.

6. On or about April 4, 2018, PowerVision formally petitioned the USCIS to be allowed to hire Mr. Han permanently.

7. Almost one year after the PowerVision's initial petition, on or about March 15, 2019, the USCIS issued a Notice of Intent to Deny ("Notice"). The Notice stated, among other things, that the USCIS had determined (1) that the Plaintiff corporation is a sole proprietorship, and (2) that the Plaintiff corporation is the same legal entity as Mr. Han himself. As a result, the USCIS stated it would not allow Mr. Han to permanently hire himself.

8. These determinations are plainly wrong.

9. PowerVision was incorporated in April 2016 in the State of Delaware and qualified to conduct business in the State of California. PowerVision issued 1,000 shares of common stocks, and its parent company (PowerVision Robot Inc., a China limited company) holds all these 1,000 shares of common stocks. PowerVision had corporate officers a board of directors that do not include Mr. Han (Exhibit A).

10. The Plaintiff presented all these evidence to the USCIS in its initial petition; the USCIS simply ignored them.

11. On April 14, 2019, the Plaintiff formally responded to the Notice, asking the USCIS to apply a more sensible reading of the evidence and approve the petition. On April 15, 2019, the USCIS received PowerVision's response by express delivery (Exhibit B).

12. This is where the USCIS's processing on this case inexplicably stalled.

13. The USCIS—by its own standards—normally adjudicate a case within 2 months after receiving a response (Exhibit D).

14. Here, however, more than 9 months have passed, the USCIS failed to take any action.

15. Twice, PowerVision followed up officially with the USCIS via its case inquiry tool – e-Request: https://egov.uscis.gov/e-request/Intro.do.

16. Each time, the USCIS failed to provide a substantive response, leaving PowerVision in complete darkness as to the status of its petition. Based on the second e-Request response provided by the USCIS, PowerVision believes that the unreasonable delay is in part caused by the Federal Bureau of Investigation's background check.

17. PowerVision is being irreparably harmed by the government agencies' unreasonable delay in processing its immigration petition: because now that Mr. Han's current work authorization is about to expire, and PowerVision is left uncertain as to how to arrange its business affairs in anticipation of losing its highest business executive.

18. PowerVision thus respectfully petitions this Court for relief.

**PARTIES**

19. Plaintiff PowerVision is a Delaware corporation domiciled in the San Francisco Bay Area. Headquartered in San Mateo, California, PowerVision is a global technology leader in providing intelligent robots and related products and services: aerial

and marine drones, Artificial Intelligence (AI) technologies relating to image processing, object recognition, virtual reality, and augmented reality.

20. In addition to the United states, PowerVision also operates in Beijing, China; Japan; and Helsinki, Finland. Through its cutting-edge technologies, PowerVision continuously and tirelessly increases the performance of intelligent robots. In August 2016, PowerVision launched its first consumer drone, PowerEgg, in North America, Europe, and China. Within 24 months, PowerVision commercializes such marine drones as PowerDolphin and PowerRay for underwater imaging, and such aerial drones as PowerEye for professional filming and PowerEgg for consumer level filming.  Some of PowerVision's cutting-edge products are shown below for the Court's ease of reference.



*PowerVision's various drone products*



*PowerVision's underwater drone – PowerRay*



*PowerVision's aerial drone – PowerEgg*



*PowerVision's professional-grade drone – PowerEye*

21. Defendant Department of Homeland Security ("DHS") is a federal agency responsible for the administration and enforcement of the immigration and naturalization laws of the United States.

22. Defendant Donald Neufeld is Associate Director for Service Center Operations at USCIS; Mr. Neufeld oversees all activities at the USCIS' Nebraska Service Center, at which the Petitioner's immigrant petition for alien work has been unreasonably delayed. Mr. Neufeld is named in his official capacity.

23. Defendant Kenneth T. (Ken) Cuccinelli is Director in fact of the USCIS. Mr. Cuccinelli is ultimately responsible for the administration of all immigration and naturalization laws, including the processing and adjudication of immigrant petition for alien workers. Mr. Cuccinelli is named in his official capacity.

24. Defendant Chad Wolf is Acting Secretary of Homeland Security and head of the DHS, which encompasses USCIS. Mr. Wolf is responsible for the administration of all immigration and naturalization laws, including the processing and adjudication of immigrant petition for alien workers. Mr. Wolf is named in his official capacity.

25. Defendant Christopher A. Wray is Director of the Federal Bureau of Investigation ("FBI"). Mr. Mueller is ultimately responsible for the processing of criminal

background checks and the "name checks" which are sometimes required by USCIS during an immigrant petition process. Mr. Wray is named in his official capacity.

26. Defendant William Barr is Attorney General of the United States. He is the head of the U.S. Department of Justice, which encompasses the FBI. Mr. Barr is also jointly responsible with Mr. Wolf for enforcing immigration laws. Mr. Barr is named in his official capacity.

## JURISDICTION AND VENUE

27. Jurisdiction of the Court is predicated upon 28 USC §§1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a defendant.

28. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC §702, the Administrative Procedures Act ("APA"); and 28 USC §1361, regarding an action to compel an officer of the United States to perform his or her duty.

29. Venue is proper in this District under 28 USC §1391(e), because a substantial part of the events and omissions giving rise to the claim occurred in this district, and because Plaintiff resides in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

30. PowerVision is not required to exhaust any administrative remedies prior to bringing this action under the Immigration & Nationality Act ("INA"), the APA, or for a writ of mandamus.

31. Further, the USCIS does not provide any effective administrative mechanisms to address delays in the processing of naturalization applications.

## FACTS AND BACKGROUND

### A. PowerVision's strong business operations and need for an executive

32. PowerVision has been conducting substantial business in the United States since its inception in April 2016. For example, PowerVision supplies consumer drones and accessories to such reputable retailers as BestBuy, Amazon, BHPhotos, Adorama, and DroneNerds. An example list of PowerVision's distributors are list below.



### B. Mr. Hui Han's strong executive skills

33. Mr. Han is a skilled lawyer and an effective business executive. For more than a decade, Mr. Han litigated high profile court cases in Xi'an and Beijing, China.

34. In 2016, Mr. Han joined PowerVision's parent company as Vice President for legal and securities (as in corporate bond issuance) related affairs. In 2017, Mr. Han began working as President of PowerVision.

35. Under Mr. Han's leadership, PowerVision established its San Francisco Bay Area headquarter office and occupied a significant share of the U.S. consumer drone market, along with world-class drone markers such as DJI. Mr. Han has also effectively represented PowerVision in handling investor related affairs and earned hundreds of millions of investment dollars for PowerVision, its parent company, and its affiliates.



*At World Robot Conference 2017, Mr. Han being interviewed by one of the most prominent TV stations in Beijing, China about PowerVision's drone products.*

## C. The Immigrant Petition in Question

36. Currently, Mr. Han is able to work at PowerVision temporarily only for such short terms as no more than 1 year or no more than 2 years. Mr. Han's current work permit expires in less than 5 months.

37. Mr. Han's current work permit is also subject to cancellation and refusal to renew at any time by the USCIS. What's worse, Mr. Han's work permit could not be renewed after 7 years, unless Mr. Han moves out of the United States for no less than an entire year.

38. To remove business uncertainties that would result from Mr. Han's becoming unable to lead, PowerVision filed the instant petition with the USCIS to permanently hire Mr. Han as its highest executive.

39. The type of petition PowerVision filed is often referred to as a multinational executive petition. This type of petition is reserved exclusively for the most proficient and skilled foreign managers and executives. Neither rank-and-file employee, nor technology workers would qualify under this category. Not even entry level managers. One has to be a company executive or a high-level manager to qualify.

40. In view of its stringent requirements, the Congress believed this type of petition should be afforded the highest processing priority and thus named them "Employment-Based Immigration: *First Preference* EB-1."

41. PowerVision's petition, however, received nowhere close to the first preference.

## D. USCIS failed to process the Immigrant Petition within a reasonable amount of time

42. On or about April 4, 2018, PowerVision filed a first preference employment-based immigrant petition (the "Immigrant Petition") with the USCIS on behalf of Mr. Han seeking to permanently employ Mr. Han as its President. The USCIS' Nebraska Service Center took responsibility for the processing for the Immigrant Petition and assigned the case number LIN1890348291.

43. PowerVision believes the Immigrant Petition should be approved as all requirements seem to have been met in view of its substantial business operations and Mr. Han's strong executive skills.

44.     For almost an entire year, however, the USCIS took no action on the Immigrant Petition.

45.     On or about March 12, 2019, the USCIS issued a notice of intend to deny PowerVision's petition. The Notice stated, among other things, that the USCIS had determined (1) that the Plaintiff corporation is a sole proprietorship; and (2) that the Plaintiff corporation is the same legal entity as Mr. Han himself.  As a result, the USCIS stated it would not allow Mr. Han to permanently hire himself.

46.     In other words, the USCIS stated that it had determined PowerVision is a fictitious business entity of Mr. Han himself. This is clearly wrong: as part of the initial submission of the Immigrant Petition, PowerVision submitted numerous corporate charter documents of PowerVision, each of them shows that PowerVision is a Delaware corporation, and a fully owned subsidiary of PowerVision Robot Inc. (a China limited company).  Part of these documents are provided in Exhibit A, which is part of this complaint.

47.     Commonsensically, an individual also cannot be a fully owned subsidiary of another corporation.

48.     To further illustrate that it conducts substantial business in the United States. PowerVision prepared approximately 15-20 commercial contracts showing substantial business was being conducted.

49.     On or about April 14, 2019, PowerVision responded to the Notice with a large amount of evidence, explaining that PowerVision is not a sole proprietorship that is the same entity as Mr. Han, and that substantial business was being conducted during the relevant time periods. On April 15, 2019, the USCIS received PowerVision's response by overnight express delivery.

50.     The USCIS—by its own standards—normally adjudicate a case within 60 days of receiving a response.  For example, the USCIS's Adjudicator's Field Manual states as follows:

> To set expectations on the processing time on a case after an RFE response, ***USCIS publishes a 60-day processing time goal***, which means our goal is to within that period either make a decision or schedule any necessary interview or process involving the applicant. To reset customer expectations and minimize unnecessary case status inquiries, RFE notices should clearly indicate this.

Notice of Intent to Deny (NOIDs) – *the RFE timelines also apply to NOIDs*, both in terms of the period for customer response, and to *our goal to finalize the decision within 60 days of response*.

*Adjudicator's Field Manual/Appendix 10-8 Complying with Particular Timeframes When Processing Cases, which is available at:*

https://www.uscis.gov/ilink/docView/AFM/HTML/AFM/0-0-0-1/0-0-0-26573/0-0-0-28556.html

(Exhibit D).

51. Here, however, more than **9 months** have passed and the USCIS took no action.

52. Twice, the Plaintiff followed up officially with the USCIS via its authorized case inquiry tool – e-Request: https://egov.uscis.gov/e-request/Intro.do. Each time, the USCIS failed to provide a substantive response, leaving PowerVision in complete darkness as to the status of its petition.

53. Approximately 4 months later filing its response to the Notice, on or about August 8, 2019, PowerVision filed its first service request with the USCIS, seeking an update on the status of the Immigrant Petition (Exhibit B). The USCIS did not provide any substantive reason why no decision had been issued.

54. Approximately 5 months later filing its response to the Notice, on or about September 15, 2019, PowerVision filed its second service request with the USCIS, seeking an update on the status of the Immigrant Petition (Exhibit C). The USCIS provided the following response:

> "U.S. Citizenship and Immigration Services (USCIS) records show that your case is currently pending adjudication. **However, we have had to perform additional reviews on your case, and this has caused a longer processing time.**"

(Exhibit F).

55. The USCIS, however, failed to explain what these "additional reviews" were, why they were needed, and the estimate timeline for completing these "additional reviews."

56. Based on the second e-Request response provided by the USCIS, PowerVision believes that the unreasonable delay is in part caused by the Federal Bureau of Investigation's background check (Exhibit G).

57. Four more months have now passed since PowerVision's second service request, the USCIS still hasn't adjudicated PowerVision's petition.

58. Based on the USCIS's own published case processing timeline, the USCIS is actively working on similar petitions that were filed in May 22, 2019 (Exhibit E).

59. In contrast, PowerVision's petition was filed on April 4, 2018, more than one year ahead of the USCIS's current processing timeline.

### E. Irreparable harms caused by the extraordinary delay in this case

60. PowerVision's is being irreparably harmed by the government agencies' inexplicable, unreasonable delay. PowerVision needed and continues to need Mr. Han's directing its corporate affairs. But, Mr. Han's current work permit is about to expire; Mr. Han's request for extension is not guaranteed to be approved; Mr. Han's will have to stop directing PowerVision's corporate affair if he is not afford permanent work permit; and even if Mr. Han's temporary work permit is approved, Mr. Han will have to leave the country in the next a few years, unless the permanent work permit is approved.

61. Given the uncertainties explained above and the significant consequence these uncertainties would bring about, PowerVision is being irreparably harm by the defendants' inexplicable, unreasonable delay in process PowerVision's Immigrant Petition.

## FIRST CAUSE OF ACTION
### (against all defendants)

62. Plaintiff PowerVision re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-61 above.

63. The Administrative Procedure Act requires administrative agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 555. A district court reviewing agency action may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

64. The court also may hold unlawful and set aside agency action that, inter alia, is found to be: "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A); "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C); or "without observance of procedure required by law," 5 U.S.C. § 706(2)(D).

65. "Agency action" includes, in relevant part, "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. §551(13).

66. Defendants' failure to adjudicate and approve Plaintiff's First Preference Employment-Based Immigrant petition constitutes an unreasonable failure to act in violation of the Administrative Procedures Act and denies Plaintiff's due process and equal protection of the laws guaranteed by the Fifth Amendment of the United States Constitution.

## SECOND CAUSE OF ACTION
### *(against all defendants)*

67. Plaintiff PowerVision re-alleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-61 above.

68. Defendants' refusal to adjudicate and approve Plaintiff's First Preference Employment-Based Immigrant petition constitutes violates the Immigration and Nationality Act, the Administrative Procedures Act, and the Constitution.

69. Plaintiff has a clear right to the relief requested; Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate Plaintiff's First Preference Employment-Based Immigrant petition; and there is no other adequate remedy available.

## PRAYER FOR RELIEF

Plaintiff PowerVision asks this Court to grant the following relief:

a. Assume jurisdiction over this matter;

b. Order Defendants to adjudicate Plaintiff's First Preference Employment-Based Immigrant petition on or before 60 days from the filing of this complaint, or within a reasonable period of time determined by this Court;

c. Retain jurisdiction during the adjudication of Plaintiff's First Preference Employment-Based Immigrant petition in order to ensure compliance with the Court's orders.

d. Award reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, 28 U.S.C. § 2412; and

e.   grant such other relief as the Court may deem just and proper.

Dated:  January 20, 2020                          Respectfully submitted,

By _____
Zheng "Andy" Liu
Attorney for Plaintiff